UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

KENNETH TOLBERT,

    Petitioner,

-vs-                                                          Case No.  6:11-cv-1304-Orl-36GJK

SECRETARY,  DEPARTMENT
 OF CORRECTIONS, et al.,

    Respondents.
_____/

## ORDER

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. section 2254 (Doc. No. 1).  Upon consideration of the petition, the Court ordered Respondents to show cause why the relief sought in the petition should not be granted.  Thereafter, Respondents filed a response (Doc. No. 11) to the petition for writ of habeas corpus. Petitioner filed a reply (Doc. No. 13) and a supplemental reply to the response (Doc. No. 15).

*I.*    *Procedural History*

Petitioner and two other individuals were charged in an eight-count amended information with the commission of various crimes:  one count of home invasion robbery with a firearm (count one), three counts of kidnapping with a firearm with intent to commit a felony (counts two, three, and four), one count of aggravated battery with a firearm or

causing great bodily harm (count five), one count of aggravated battery with a deadly weapon or causing great bodily harm (count six), one count of aggravated battery causing great bodily harm (count seven), and one count of robbery with a firearm (count eight). A jury trial was held, and Petitioner was found guilty as to all counts.

On February 8, 2002, the trial court adjudicated Petitioner guilty of the crimes and sentenced him to imprisonment for a term of life as to each of counts one, two, three, four, and eight  and for a term of fifteen years as to each of counts five, six, and seven.  The sentences in counts two, three, four, six, and seven were ordered to run concurrently to the sentence in count one.  Additionally, the sentence in count five was ordered to run consecutively to the sentence in count four.

Petitioner filed a direct appeal with the Florida Fifth District Court of Appeal, which entered a written opinion on February 10, 2006, affirming the convictions.[1] *See Tolbert v. State*, 922 So. 2d 1013 1015 (Fla. 5th DCA 2006).  Mandate was issued on April 5, 2006. Petitioner's request for discretionary review with the Supreme Court of Florida was denied on June 19, 2006.

On February 8, 2007, Petitioner filed a petition for writ of habeas corpus with the state appellate court,[2]  which was denied on April 2, 2007.

---

[1] During the pendency of the direct appeal, Petitioner filed a motion to correct illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(b)(2) with the state trial court, which was granted in that all of the sentences were ordered to run concurrently with each other.

[2] References to the filing date of pleadings by Petitioner shall be the filing date under

On May 30, 2008, Petitioner, through counsel, filed a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850. The trial court held an evidentiary hearing on the motion on August 31, 2010, at which time it denied the motion. The state appellate court affirmed the denial *per curiam* on April 26, 2011. Mandate was issued on May 18, 2011.

## II.    *Petitioner's Habeas Petition is Untimely*

### A.    *Legal Standard*

Pursuant to 28 U.S.C. § 2244,

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> > (A)    the date on which the judgment of conviction became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> > (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such State action;
>
> > (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> > (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of

---

the mailbox rule. *See Adams v. United States*, 173 F.3d 1339, 1341 (11th Cir. 1999) (under the "mailbox rule," a pro se prisoner's motion to vacate, set aside, or correct sentence was filed on the date that he signed, executed, and delivered his petition to prison authorities for mailing).

due diligence.

(2)   The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

B.   *Discussion of Petitioner's Case*

In the present case, Petitioner's conviction became final under Florida law on April 5, 2006, when the state appellate court issued mandate with regard to his direct appeal. *Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001) ("Under Florida law, a judgment against a criminal defendant becomes final upon issuance of the mandate on direct appeal."). However, under section 2244(d)(1)(A), the Court must include the time that Petitioner could have sought review with the United States Supreme Court. *Bond v. Moore*, 309 F.3d 770 (11th Cir. 2002). Thus, Petitioner's conviction, for purposes of § 2244(d)(1)(A), became final, at the latest, on September 18, 2006, which was ninety days after the Supreme Court of Florida declined to accept discretionary jurisdiction.[3] *See* Sup. Ct. R. 13(3).[4] Petitioner then had until September 18, 2007, absent any tolling, to file a federal habeas petition

---

[3]The actual date was September 17, 2006, which fell on a Sunday.

[4]United States Supreme Court Rule 13(3) provides as follows:

The time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate (or its equivalent under local practice). But if a petition for rehearing is timely filed in the lower court by any party, the time to file the petition for a writ of certiorari for all parties (whether or not they requested rehearing or joined in the petition for rehearing) runs from the date of the denial of the petition for rehearing or, if the petition for rehearing is granted, the subsequent entry of judgment.

regarding such conviction. Petitioner's federal habeas petition was filed on August 4, 2011.

Pursuant to section 2244(d)(2), the one year period is "tolled" for the time during which a *properly filed* state postconviction or collateral proceeding is pending. When Petitioner filed his petition for writ of habeas corpus with the state appellate court on February 8, 2007, 143 days of the one-year period had run. Those proceedings concluded on April 2, 2007, when the state appellate court denied the petition. The one-year period then expired 222 days later on November 13, 2007.[5]

Petitioner's Rule 3.850 motion was filed after the one-year period had expired, and, therefore, it did not toll the one year period of limitation. *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) ("A state-court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled.").

Petitioner acknowledges that his petition is untimely, but he contends that equitable tolling applies because of his "literacy or educational level" and because he was denied access to the courts. *See* Doc. No. 13 at 2. He also mentions that a prison law clerk and the attorney who represented him in his Rule 3.850 proceedings told him that the "time for filing a federal habeas petition would begin at the point [he] exhausted all available state court remedies." *Id.* at 3.

Equitable tolling applies only where the litigant satisfies his burden of establishing

---

[5] The actual date was November 10, 2007, which fell on a Saturday, and Monday, November 12, 2007, was a legal public holiday for Veterans Day.

"(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 130 S. Ct. 2549, 2562 (quotation omitted). The diligence prong requires "reasonable diligence," rather than "maximum feasible diligence." *Holland*, 130 S.Ct. at 2565 (quotations omitted).

Having a limited education and limited understanding of the law, and receiving inadequate assistance from an inmate law clerk are not extraordinary circumstances justifying equitable tolling. *See Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (neither an inmate's ignorance of the law nor inadequacy of services of inmate law clerk who helped draft his habeas petition entitled the petitioner to equitable tolling of the limitations period). Therefore, Petitioner is not entitled to equitable tolling on this basis.

As for the inaccurate information provided by Petitioner's counsel, while "serious instances of attorney misconduct" could warrant equitable tolling, a "garden variety claim of excusable neglect," such as an attorney's "simple miscalculation" that results in a missed filing deadline, does not. *Holland*, 130 S. Ct. at 2564 (quotations omitted). Here, Petitioner has alleged facts demonstrating a miscalculation of the one-year period of limitations. Thus, counsel's actions amount to garden variety attorney negligence and not serious attorney misconduct, and, therefore, equitable tolling is not warranted.

Any of Petitioner's allegations that attempt to excuse his failure to file the instant petition within the one-year period of limitation and that are not specifically addressed herein have been found to be without merit.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The Petition for Writ of Habeas Corpus filed by Kenneth Tolbert (Doc. No. 1) is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**.

2. The Clerk of the Court shall enter judgment accordingly and is directed to close this case.

3. This Court should grant an application for certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner has failed to make a substantial showing of the denial of a constitutional right.[6] Accordingly, a Certificate of Appealability is **DENIED** in this case.

**DONE AND ORDERED** in Chambers in Orlando, Florida, this 16th day of January, 2013.

Charlene Edwards Honeywell
United States District Judge

---

[6]Pursuant to Rule 11 of the *Rules Governing Section 2254 Cases In the United States District Courts*,

> The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.

Copies to:
OrlP-2 1/16
Counsel of Record
Kenneth Tolbert